**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x

In re: Linda M. Avery, Debtor

**Chapter 13 No.: 26-22350-dsj**

_____x

**DEBTOR'S EMERGENCY MOTION FOR COURT-ORDERED INSPECTION
OF REAL PROPERTY LOCATED AT 12 MILLINGTON STREET,
MOUNT VERNON, NEW YORK**

Linda M. Avery, the debtor and debtor-in-possession (the "Debtor"), respectfully submits this

Emergency Motion (the "Motion") seeking entry of an order compelling Thea Blessitt and

Mark Blessitt (the "Occupants") to provide immediate access for an inspection of the real

property located at 12 Millington Street, Mount Vernon, New York (the "Property"), and in

support, states as follows:

**PRELIMINARY STATEMENT**

1. This is an emergency motion brought pursuant to 11 U.S.C. § 105(a) to preserve a

   critical asset of the bankruptcy estate and to enable the Debtor to satisfy her

   obligations under the Bankruptcy Code. The Debtor cannot formulate a confirmable

   Chapter 13 Plan without first conducting a physical inspection of the Property to

   assess its condition, determine necessary repairs, and calculate its potential income-

   generating capacity.

2. The Property is an asset of the decedent's estate of the Debtor's late husband,

   Alexander Hamilton Blessitt, Jr., for which the Debtor serves as the Surrogates Court

   appointed Executrix. The decedent's estate is a significant part of the Debtor's

   bankruptcy estate. The Property is currently unlawfully occupied by the decedent's

   adult children, Thea Blessitt and Mark Blessitt, who have consistently denied the

Debtor access, in violation of her authority as Executrix and her duties as a Chapter 13 Debtor.

3. The urgency of this Motion is supported by a "Third and Final Notice" from the City of Mount Vernon Department of Buildings, dated October 28, 2025, demanding an immediate interior and exterior inspection of the Property and threatening fines of $1,000 per month for non-compliance. These potential administrative penalties further reduce the value of the bankruptcy estate.[1]

4. The Debtor requires this Court's immediate intervention to compel access so that she may follow municipal directives, prevent further waste, and gather the information necessary to propose a possible Chapter 13 Plan to this Court and her creditors.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

6. The Debtor is the Executrix of the Estate of Alexander Hamilton Blessitt, Jr., having received Letters Testamentary from the Westchester County Surrogate's Court. The primary asset of the decedent's estate is the multi-family real property located at 12 Millington Street, Mount Vernon, New York. The Debtor's interest in the decedent's estate is property of her Chapter 13 bankruptcy estate pursuant to 11 U.S.C. § 541.

7. . The Debtor has filed an ejectment action against the Occupants in state court, filed in May 2024 and remains pending. Thea Blessitt and Mark Blessitt were served, they did not file a response, and so have defaulted.

---

[1] Debtor did not receive the Mount property inspection notices until 2026. Notices were going to 12 Millington Street where Thea and Mark Blessitt stay. They have given the debtor none of decedent's mail upon request.

8. Despite the Debtor's authority as Executrix, the Occupants have repeatedly obstructed her efforts to gain access to and control of the Property. After Debtor received Letters Testamentary, Thea and Mark agreed to allow an inspection only to refuse entry when the Debtor arrived at the scheduled time.

9. On or about October 28, 2025, the City of Mount Vernon Department of Buildings issued a Third and Final Notice (the "Building Notice") requiring an immediate inspection of the Property to assess compliance with New York State Multiple Residence Law § 302-a. A true and correct copy of the Building Notice is attached hereto as **Exhibit A**. The Building Notice warns that failure to schedule and complete the inspection will result in fines of $1,000 per month. These fines, if imposed, will create an administrative liability that directly harms the bankruptcy estate.

10. Debtor has visited the City of Mount Vernon Clerk's Office and it was suggested I hire an attorney for this.

11. A motion to extend the Debtor's time to file her Chapter 13 Plan is currently pending before this Court. The central reason for the requested extension is the Debtor's inability to access the Property. Without a comprehensive inspection, the Debtor cannot:

   a. Determine the current physical condition of the Property;

   b. Determine the cost of any necessary repairs or remediation required to cure deferred maintenance and any damage caused by the Occupants;

   c. Evaluate the Property's fair market value in its present condition; and

   d. Project potential rental income that could be used to fund a Chapter 13 Plan.

12. The formulation of a confirmable Chapter 13 Plan is impossible until this inspection is completed.

13.

**ARGUMENT**

**The Court Should Exercise its Authority Under 11 U.S.C. § 105(a) to Order an Immediate Inspection of Estate Property.**

12. Section 105(a) of the Bankruptcy Code grants this Court broad equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This authority includes the power to issue orders necessary to preserve estate assets and help with the administration of the case. *See In re Kalikow*, 602 F.3d 82, 96 (2d Cir. 2010).

13. The Debtor, as a Chapter 13 debtor-in-possession, has the rights, powers, and duties of a trustee to control and manage property of the estate. *See* 11 U.S.C. §§ 1303, 1306(b). A fundamental duty is to investigate the financial affairs of the debtor and give information to parties in interest. An inspection of the Property is a necessary first step in this duty.

14. The Occupants' refusal to allow access directly impedes the administration of this bankruptcy case. It prevents the Debtor from assessing an estate asset, protecting it from waste and municipal fines, and proposing a meaningful plan of reorganization. The relief requested herein is not only appropriate but essential to move this case forward and carry out the provisions of Chapter 13.

15. Granting this Motion will serve the interests of all parties, including creditors, who have the right to a timely and possible plan. The inspection will provide the transparency needed to determine whether the Property can be retained and used to fund a plan or if other action, such as a motion to sell, is necessary.

**RELIEF REQUESTED**

**WHEREFORE,** the Debtor, Linda M. Avery, respectfully requests that this Court enter an order:

A. Granting this Emergency Motion;

B. Directing Thea Blessitt and Mark Blessitt, and any other people occupying the premises at 12 Millington Street, Mount Vernon, New York, to allow the Debtor and/or the Trustee to arrange appraisal and inspection according to SDNY rules for appraisals, to enter and conduct a full interior and exterior inspection of the Property;

C. Ordering that this inspection shall take place **within seven (7) days** of the entry of the Court's Order, at a mutually agreeable date and time, and if no agreement can be reached, at a date and time certain specified by the Court;

D. Providing that the Occupants may agree to allow this access voluntarily to avoid the necessity and expense of civil law enforcement assistance, but that if they fail to do so, this Order shall allow the Westchester County Public Safety Civil Division, US Marshalls, or other designated law enforcement agency to help to effectuate the inspection;

E. Directing that any photographs of the Property's interior previously provided by the Occupants, and any photographs taken during the court-ordered inspection, shall be filed with the Court under seal or subject to a Protective Order limiting access to the Debtor, the Chapter 13 Trustee, and their respective counsel, and shall not be made part of the public record without further order of the Court;

F. Requiring the Debtor to provide a summary report of the inspection findings to the Chapter 13 Trustee promptly upon its completion; and

G. Granting such other and further relief as the Court deems just and proper.

Dated: April 28, 2026

Respectfully submitted,

Linda M. Avery
Debtor, *Pro Se*
81 Pondfield Road, #138
Bronxville, New York 10701

(914) 707-2762
mlindaavery@gmail.com

**EXHIBIT A**

City of Mount Vernon Building Notice

# EXHIBIT A

City Mount Vernon Buildings
Department Letter
Required Multi-Dwelling Property
Inspection 2025



**SHAWYN PATTERSON-HOWARD**
Mayor

**Patrick G. Holder, R.A.**
Commissioner

**Hediye Mamak**
1st Deputy Commissioner

**Dawn Asbury**
2nd Deputy Commissioner

# CITY OF MOUNT VERNON, NY

## DEPARTMENT OF BUILDINGS
City Hall – One Roosevelt Square. Mount Vernon, NY  10550

**October 28, 2025**

AVERY, LINDA
8 CALIFORNIA RD
MOUNT VERNON, NY 10552

**Subject:** Third and Final Notice – Required Multi-Dwelling Property Inspection (2025)

**RE:** 12 MILLINGTON ST

Dear Property Owner/Manager,

This letter serves as your **third and final notice for 2025** regarding the required Fire Safety and Property Maintenance Inspections for multi-dwelling properties in Mount Vernon, NY. Our records indicate that you are receiving this notice because you have either **not requested the inspection** and/or not **paid the required inspection fees**.

Pursuant to New York State Multiple Residence Law §302-a and the New York State Fire Prevention and Building Code (Uniform Code), the Department of Buildings is mandated to conduct comprehensive inspections of all multi-dwelling properties at least once every three years. These inspections are required to ensure compliance with state safety standards, safeguard the health and welfare of occupants, and protect the structural integrity of each building.

### Inspection Request Process

All inspection requests must be submitted through **OpenGov**. the City's online permitting and application system. A QR code is attached for direct access. Once logged in, please navigate to the Building Department section, complete the required application, and upload a copy of your certificate of occupancy within **10 business days** of receiving this notification.

### Fee Schedule

- **Buildings with 10 units or fewer:** $500 per building
- **Buildings with more than 10 units:** $500 for the first 10 units, plus $500 for each additional group of 10 units

### Inspection Day Requirements

- A property representative must be present during the inspection.

- Inspections will be conducted by **third-party certified Buildings and Fire officials from Labella**, who will provide proper identification upon arrival.

- Inspectors will review all common areas, all vacant apartments, and any occupied apartments where tenants request an inspection while the inspectors are onsite.

- A final inspection report will be issued by the lead inspector.

**Compliance and Enforcement**

As this is your **third and final notice,** please be advised that failure to submit your application and inspection fee payment within **45 days** of this letter will result in fines of **$1,000 per month.** Applications must be submitted and paid through the City of Mount Vernon's OpenGov website.

**Support and Assistance**

We understand this process may be unfamiliar, and the City of Mount Vernon is committed to assisting you. Our shared goal is to protect residents, uphold the New York State Uniform Codes, and maintain the safety and integrity of our community.

For questions, assistance with registration, or additional information, please contact:
Alrick Boyd, Department of Buildings Clerk
Phone: (914) 665-2483 | Email: aboyd@cmvny.com

We urge your immediate attention to this matter and thank you in advance for your cooperation.

Sincerely,

Patrick G. Holder
Commissioner of Buildings
Mount Vernon Department of Buildings